## KERN *v.* HUIDEKOPER.

1. A party to a suit, who, under the act of March 3, 1875, c. 137 (18 Stat., pt. 3, p. 470), was entitled to its removal from the State court wherein it was brought, filed in due time his petition and the requisite bond, and prayed for such removal to the Circuit Court of the United States for the proper district. His petition was denied. *Held*, that, on his entering in the Circuit Court, within the period prescribed by that act, the transcript of the record, that court acquired jurisdiction of the suit, and that all subsequent proceedings of the State court therein are absolutely void.

2. A sheriff, to whom was directed a *fieri facias* sued upon a judgment against A., levied the writ upon certain goods and chattels, for which replevin was brought in a State court against him by B., a non-resident of the State, claiming to be the owner of them. *Held*, that there is nothing in the character of the suit which precludes its removal by B. to the Circuit Court.

3. Where a State court, proceeding to the trial of a suit which had been removed therefrom, renders judgment against the party, whose petition for a removal it erred in refusing to grant, he may raise here the question as to the jurisdiction of that court, notwithstanding the fact that he appeared at the trial and insisted upon the merits of his cause of action or defence.

4. Where a party, pursuant to leave, files a plea to the jurisdiction of the court, his former plea to the merits is thereby withdrawn.

ERROR to the Circuit Court of the United States for the Northern District of Illinois.

The facts are stated in the opinion of the court.

*Mr. Edwin Walker* for the plaintiff in error.

*Mr. Henry Crawford*, contra.

MR. JUSTICE WOODS delivered the opinion of the court.

This was an action of replevin brought by Frederick W. Huidekoper, John N. Dennison, and Thomas W. Shannon, in

the Circuit Court of Cook County, Illinois, at its May Term, 1877, to wit, on May 22, 1877, against Charles Kern, to recover the possession of one thousand tons of old railroad iron, which as they claimed he wrongfully detained from them.

The writ of replevin, issued May 23, 1877, was on the same day served by the coroner of the county, who received from the plaintiffs a statutory bond, and delivered to them the possession of the iron. The summons was made returnable at the next term of the court, which began on the third Monday of June.

The declaration, which was filed June 30, alleged that plaintiffs were the owners and lawfully entitled to the possession of certain goods and chattels, to wit, the iron in controversy, which formerly had been in the track of the Chicago, Danville, and Vincennes Railroad, but that it was then lying along the Mud Lake track, near Twenty-fourth Street, in the city of Chicago; that it was of the value of $18,000; that on May 9, 1877, Kern had wrongfully taken possession of it, and still detained the same from them.

Kern, July 6, 1877, pleaded that he was the sheriff of Cook County, and that as such, May 1, 1877, he had levied on and still held the iron, by virtue of two certain executions against the Chicago, Danville, and Vincennes Railroad Company, both issued upon judgments in the Superior Court of Cook County, — one in favor of the Bank of North America, and the other in favor of John McCaffrey, for the aggregate sum of about $11,000; and that at the time of the levy the iron was the property of that company.

On May 31, 1877, the plaintiffs filed in the court their petition to remove said cause to the Circuit Court of the United States for the Northern District of Illinois. The petition alleged that Kern was a citizen of the State of Illinois, and that the plaintiffs at the institution of the action were, and still continued to be, citizens of States other than Illinois; that the amount in controversy in the suit exceeded $500; that there had been no trial of the suit, and the same could not have been tried before the term at which said petition was filed; and that the suit involved a controversy between citizens of different States, which could be wholly determined as between them.

The petition was accompanied by the bond required by the statute of the United States.

On June 2, the court denied the petition for removal, on the ground that it was prematurely presented and filed ; that at that date no declaration had been filed, the defendant was not in court, and was not required to appear until the third Monday of June.

On June 30, the petition of the plaintiffs and their bond for the removal of the cause being still on file, and the time for the appearance of the defendant having passed, the plaintiffs filed their declaration, and immediately moved the court for an order transferring the cause, in accordance with their petition, to the Circuit Court of the United States. This motion was denied.

On July 6, the date upon which the defendant filed his plea, and after said plea had been filed, the plaintiffs caused an order to be entered dismissing their petition for the removal of the cause filed May 31, and immediately filed another for the same purpose, containing the same averments, together with a bond, as required by the statute.

This petition was also denied by the State court.

Nevertheless, on July 27, 1877, the plaintiffs filed a transcript of the record of the cause in the clerk's office of the Circuit Court of the United States for the Northern District of Illinois. The term of that court, as prescribed by law, began on the first Monday of that month.

On Nov. 14, 1877, the said term still continuing, that court made an order approving the filing of the said record on July 27 preceding.

On June 5, 1878, the counsel of the plaintiffs moved that court that an order be entered declaring that the cause had been removed from the Circuit Court of Cook County, and that the Circuit Court of the United States had exclusive jurisdiction thereof by reason of such removal, and that the cause be placed on the trial calendar of the court. The court sustained the motion, and directed an order to be made in accordance therewith.

On June 26, 1878, the defendant, by his attorney, entering special appearance for that purpose, filed a written motion in

the United States Circuit Court for the dismissal of said action. This motion was overruled.

At the July Term, 1878, of the Circuit Court of Cook County, that court still claiming jurisdiction of the cause, notwithstanding the proceedings for its removal above recited, the plaintiffs filed in that court a replication to the plea of the defendant, in which they alleged that said railroad iron at the time of the levy was the property of the plaintiffs, and not of the railroad company, as alleged in defendant's plea.

On Nov. 12, 1878, the defendant moved in the Circuit Court of the United States for leave to file a plea to the jurisdiction, which, after argument of counsel, was granted. Thereupon, on the same day, he filed the following plea: —

" The defendant, by E. Walker, his attorney, comes and prays judgment of the said record herein filed, because he says that the plaintiffs first instituted their said action of replevin in the Circuit Court of Cook County, in the State of Illinois, which said court has exclusive original jurisdiction of said action, and caused the clerk of said State court to issue a summons against the said defendant and a writ of replevin, under which said last-named writ the property described in said writ and declaration was seized by the officer of said court and delivered to the said plaintiffs.

" That said writs were made returnable to the June Term of said court, A.D. 1877, at which said term the said defendant appeared and filed his plea to said declaration.

" The said defendant further shows that long after the filing of the said transcript of record in this court the said plaintiffs, to wit, at the May Term, A.D. 1878, filed in the said Circuit Court of Cook County their replication to the said defendant's plea, and at said term of said State court prosecuted their said action to a final hearing; and such proceedings were thereupon had in said action that afterwards, to wit, at said May Term, to wit, on the fifth day of June, A.D. 1878, the said defendant, by the consideration and judgment of the said Circuit Court of Cook County, recovered a judgment against the said plaintiffs for the return to him of the property described in said declaration and writ of replevin, being the same identical property described in the aforesaid transcript of record, and for his costs

in said action, as by the record and proceedings thereof still remaining in said Circuit Court of Cook County more fully appear, which said judgment is in full force, unreversed and unsatisfied, and this the defendant is ready to verify by the record. Wherefore the said defendant prays judgment if the court here will take jurisdiction and cognizance of the action aforesaid."

The plaintiffs filed a demurrer to this plea, and afterwards, on Nov. 21, 1878, the demurrer was argued. The minutes of the court state its judgment upon the demurrer as follows : —

"Now come the plaintiffs by Henry Crawford, Esq., their attorney, and the defendant by Edwin Walker, Esq., his attorney, and now comes on to be heard the demurrer of the plaintiffs to the plea to the jurisdiction herein, and after hearing the arguments of counsel the court sustains the demurrer, to which ruling of the court the defendant by his counsel excepts, and the defendant failing to make further answer herein, and electing to abide by his said plea, it is thereupon considered by the court that the plaintiffs have and retain possession of the goods and chattels described in the writ issued in this court," &c.

This judgment Kern seeks to reverse in this court.

The following are his assignments of error : —

That the Circuit Court erred —

1. In overruling the motion made by the plaintiff in error on June 26, 1878, to dismiss the said cause.

2. In sustaining the demurrer to the special plea filed by the plaintiff in error on Nov. 12, 1878.

3. In rendering judgment against the plaintiff in error upon the demurrer.

4. The court had no jurisdiction over the subject-matter of the action.

The Circuit Court of Cook County and the Circuit Court of the United States both claimed jurisdiction of the case, and each rendered a final judgment, — the State court in favor of the plaintiff in error, and the United States court in favor of the defendants in error.

Most of the points raised upon the record will be solved by a settlement of the question, which court had jurisdiction of the case when said final judgments were rendered.

The jurisdiction was, of course, originally in the State court. It is unnecessary to decide whether the State court rightfully or wrongfully denied the first two petitions of the defendants in error for the removal of the cause. The petition for its removal, filed July 6, 1877, contained every averment required by law. It was filed at the proper time, and it was accompanied by a bond with good and sufficient surety, conditioned according to the statute.

According to the terms of the act of Congress it was the duty of the State court "to accept said petition and bond and proceed no further in such suit." Act of March 3, 1875, c. 137, sect. 3; 18 Stat., pt. 3, p. 470.

Notwithstanding the refusal of the State court to make an order for the removal of the cause, the defendants in error, within the time prescribed by the statute, filed a transcript of the record of the State court in the Circuit Court of the United States. This invested the latter court with full and complete jurisdiction of the case, for, in the language of the section just referred to, "the said copy being entered as aforesaid in said Circuit Court of the United States, the cause should then proceed in the same manner as if it had been originally commenced in said Circuit Court."

If the cause is removable and the statute for its removal has been complied with, no order of the State court for its removal is necessary to confer jurisdiction on the court of the United States, and no refusal of such an order can prevent that jurisdiction from attaching. *Insurance Company* v. *Dunn,* 19 Wall. 214.

It is, therefore, clear that when the defendants in error filed, July 27, 1877, in the Circuit Court of the United States a transcript of the record of the State court, the former acquired and the latter lost jurisdiction of the case.

The contention of the plaintiff in error seems to be, that an action of replevin, where the sheriff of a State court is the defendant, is not removable, because the sheriff, an officer of the State court, being in possession of the property, the subject matter of the controversy, the Federal court is without legal authority or power by writs, process, or orders to wrest its possession from him.

There is no support either in the act of Congress for the removal of causes, nor in any case adjudged by this court, for this position.

The act of Congress makes no exception of causes where the subject-matter of the controversy is in possession of the State court. Under the Constitution and laws of the United States a citizen of the United States, party in a State court to a suit which falls within the terms of the statute for the removal of causes, has the right to have it removed to and heard by a United States court.

*Taylor* v. *Carryl* (20 How. 583), *Freeman* v. *Howe* (24 id. 450), and *Buck* v. *Colbath* (3 Wall. 334), relied on by the plaintiff in error, are not in point.

Those cases decide that property held by an officer of one court by virtue of process issued in a cause pending therein, cannot be taken from his possession by the officer of another court of concurrent jurisdiction, upon process issued in another case pending in the latter court.

But here there is but one case. It is brought in the State court. It falls within the terms of the act of Congress for the removal of causes. When the prerequisites for removal have been performed, the paramount law of the land says that the case shall be removed, and the case and the *res* both go to the Federal court. The fact that the State court, while the case was pending in it, had possession of the subject-matter of the controversy, cannot prevent the removal, and when the removal is accomplished, the State court is left without any case, authority, or process by which it can retain possession of the *res*. The suit and the subject-matter of the suit are both transferred to the Federal court by the same act of removal, or when a bond for the delivery of the property has been taken, as in this case, the bond as the representative of the property is transferred with the suit. There is no interference with the rightful jurisdiction of the State court, and no wresting from its possession of property which it has the right to retain.

If the contention of the plaintiff in error is that the State court, having seized property by virtue of a *fieri facias* issued on a judgment rendered by it, the Federal court cannot take

such property from its possession by writ of replevin, or, in other words, that the replevin suit which was sought to be removed in this case, could not have been originally brought in the Federal court, the answer is that, upon the question of removal, it is entirely immaterial whether or not the suit, as an original action, could have been maintained in the Federal court. In short, no provision of the State law, no peculiarity in the nature of the litigation which would forbid the United States court from entertaining original jurisdiction, could prevent the removal, provided the case fell within the terms of the statute for the removal of causes. *Railway Company* v. *Whitton*, 13 Wall. 270; *Insurance Company* v. *Morse*, 20 id. 445; *Gaines* v. *Fuentes*, 92 U. S. 10; *Boom Company* v. *Patterson*, 98 id. 403.

The United States court having acquired jurisdiction, and the State court lost it by the proper removal of the cause, has the State court been reinvested with jurisdiction by the facts stated in the plea to the jurisdiction filed by the defendant below, namely, that long after the removal of the cause to the United States court, the plaintiffs below filed their replication in the State court, and prosecuted their action therein to a final hearing? In other words, is the plea to the jurisdiction of the United States court, filed by the defendant below on Nov. 12, 1878, a good plea?

It has been expressly held by this court that when a case has been properly removed from a State into a United States court, and the State court still goes on to adjudicate the case, against the resistance of the party at whose instance the removal was made, such action on its part is a usurpation, and the fact that such a party has, after the removal, contested the suit, does not, after judgment against him, constitute a waiver on his part of the question of the jurisdiction of the State court to try the case. *Insurance Company* v. *Dunn*, 19 Wall. 214; *Removal Cases*, 100 U. S. 457; *Railroad Company* v. *Mississippi*, 102 id. 135.

These cases are directly in point. In the action of replevin the defendant, if he succeeds, recovers in effect the same judgment against the plaintiff as the plaintiff, in case he succeeds, recovers against the defendant. So that the plaintiffs, in con-

testing the suit in the State court after its removal, were seek-ing to protect themselves against a judgment in favor of the defendant for the return of the property in controversy, a judg-ment which was in fact entered against them.

Our conclusion, therefore, is that by the proceedings for the removal of this case jurisdiction over it was transferred to the United States Circuit Court, and the filing by the plaintiffs below of a replication in the State court, after such removal, and the prosecution of the action to a final hearing in that court, did not reinvest the State court with jurisdiction of the cause, nor amount to a waiver of any rights resulting to the plaintiffs from the removal.

This conclusion is strengthened by the fact that the plaintiffs constantly insisted, as the record shows, upon the jurisdiction of the United States court over the case, and even while the case was on final trial in the State court, procured the entry of an order in the United States court to the effect that, upon the filing of the transcript of the record of the State court in the United States court, the latter court acquired exclusive juris-diction over the case.

After the filing in the United States Circuit Court, on July 27, 1877, of the record of the proceedings in the State court, the latter lost all jurisdiction over the case, and, being without jurisdiction, its subsequent proceedings and judgment were not, as some of the State courts have ruled, simply erroneous, but absolutely void. *Gordon* v. *Longest*, 16 Pet. 97; *Insurance Company* v. *Dunn*, 19 Wall. 214; *Virginia* v. *Rives*, 100 U. S. 313.

It only remains to consider the contention of the plaintiff in error that the court below should not have entered judgment against him after sustaining the demurrer to his plea to the jurisdiction filed Nov. 12, 1878, because there was still remain-ing his plea to the merits filed July 6, 1877, before the case was removed from the State court.

The facts disclosed by the record make it clear that there is no solid ground for this assignment to stand on.

The plea of Nov. 12, 1878, was a plea to the jurisdiction. The defendant was allowed to file it on special leave asked by him and given by the court.

The asking of leave to plead to the jurisdiction was in effect a withdrawal of the plea to the merits, for after a plea in bar the defendant cannot plead to the jurisdiction of the court; for by pleading in bar he submits to the jurisdiction. 1 Chitty, Pleading, 440, 441 ; Co. Lit. 303 ; Com. Dig., Abatement, C. ; Bacon, Abr., Abatement (A.).

The plea in bar being in effect withdrawn by the plea to the jurisdiction, when the demurrer to the latter was sustained the defendant was left without plea.

If the defendant had so desired, the judgment of the court would have been *respondeat ouster*. But he elected, as the record shows, to stand by his demurrer and declined to make any further answer. There was nothing then left for the court to do but to pronounce judgment against him, which was done.

There was no error in this. The suggestion that there should have been a trial upon the plea in bar appears to have been an afterthought.

There is no error in the record.

*Judgment affirmed.*