NEW YORK, N. H. & H. R. Co. *v.* COCKCROFT *et al.*

(*Circuit Court, D. Connecticut.* July 11, 1891.)

1. **REMOVAL OF CAUSES—PROCEEDINGS BEFORE RAILROAD COMMISSIONERS.**
   A petition filed by a railroad company with the state railroad commissioners, for the mere purpose of obtaining their consent to the taking of certain land by condemnation proceedings, is not removable, since it is not a suit within the original jurisdiction of the federal courts.

2. **SAME—SEPARABLE CONTROVERSY.**
   In such case, the controversy between the railroad company and the owners of the land sought to be taken is separable from that between the company and the town in which the land lies, though part of the land is sought for the purpose of making a highway in lieu of another highway wanted for railroad purposes.

At Law.
*Lynde Harrison,* for petitioner.
*Simeon E. Baldwin,* for respondents.

WHEELER, J. By the laws of Connecticut, railroad companies may, with the approval of the railroad commissioners granted on notice to the owners, take land for additional tracks, and for highways in lieu of others taken for their purposes, on making compensation agreed upon or established by proceedings for that purpose. Gen. St. §§ 3420, 3461, 3464, 3479. The New York, New Haven & Hartford Railroad Company filed a petition with the railroad commissioners for their approval, of taking land of these Misses Cockcroft, who are citizens of New York, for additional railroad facilities, and for a highway in lieu of another wanted for those purposes. On notice to these land-owners they appeared, and filed a petition and bond for the removal of the proceedings into this court, and have filed copies of the proceedings here. An issue of fact as to whether the controversy between the petitioners for removal and the railroad company is separable from that between the railroad company and the town of Westport, in which the land lies, has been joined upon a plea to the petition for removal, and tried. The railroad company has to provide the substitute for the highway taken, and put it in as good situation and repair as the highway was previous to the alteration, and the town, as such, has nothing to do about it. Therefore there is no controversy between the railroad company and the town, and none from which that between the railroad company and the land-owners is not separable. This issue is for this reason found for the petitioners for removal.

While a finding on this issue the other way would have been fatal to the removal, a finding this way will not conclusively uphold it. If this "suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of" this court, it should be remanded. Section 5, Act 1875, 18 St. 470. This proceeding involves only the consent of the railroad commissioners to the taking of the land. The land cannot be taken in it, nor can the compensation for the land be fixed in it. If they approve, the railroad company can proceed further;

if they do not approve, it cannot. No issue is defined for them to try, or guide laid down for them to follow, in determining whether they shall grant or refuse their approval. All questions as to what shall be taken into consideration are left wholly to them. They render no judgment, but merely declare their own approval or disapproval of further proceedings. The state, in the exercise of its right of eminent domain, has provided this check in favor of land-owners against taking land by railroads, and nothing else can be substituted for it. This court is to proceed with suits removed here as if they had been brought here by original process. Rev. St. U. S. § 639. This petition to the railroad commissioners could not be brought here, and cannot be proceeded with here. Issues of fact here, except in equity or admiralty, are to be tried by jury, unless a jury is waived. Rev. St. §§ 648, 649. The approval of a jury, or of the court on waiver of a jury, would not be the approval of the railroad commissioners, and neither could decide whether the railroad commissioners approve or not. The question of their approval does not seem to be "a dispute or controversy properly within the jurisdiction of" this court. *Upshur Co.* v. *Rich,* 135 U. S. 467, 10 Sup. Ct. Rep. 651. None of the cases cited in behalf of the removing parties was confined to such a narrow and merely preliminary question as this. In all of them a final question of pecuniary compensation was to be tried, upon which judgment could be rendered. *Boom Co.* v. *Patterson*, 98 U. S. 403; *Pacific Railroad Removal Cases*, 115 U. S. 2, 5 Sup. Ct. Rep. 1113; *Searl* v. *School-Dist.*, 124 U. S. 197, 8 Sup. Ct. Rep. 460; *Railway Co.* v. *Jones*, 29 Fed. Rep. 193; *Kansas City, etc., R. Co.* v. *Interstate Lumber Co.,* 37 Fed. Rep. 3. For this reason this proceeding, as now considered, cannot properly be retained here, but must be remanded.