W. O. WINSLOW v. S. Q. COLLINS et al.

*Jurisdiction—Removal of Causes to Federal Courts.*

When the petition and bond required by the act of Congress regulating the removal of causes from State to Federal Courts have been duly filed, the jurisdiction of State Courts ceases at once; and hence, where such petition and bond were offered, but before any order was made thereon, the plaintiff was permitted to amend his complaint in such way as would deprive the Federal Court of jurisdiction, there was error.

MOTION to remove cause to Federal Court, heard before *Brown, J.,* at Fall Term, 1891, of PERQUIMANS Superior Court.

At the appearance term, the plaintiff having filed his complaint alleging two distinct causes of action, one for $2,000 and the other for $600, the defendants in apt time presented their petition and an appropriate bond in that connection, praying that the action be removed to the Circuit Court of the United States in and for the Eastern District of North Carolina, upon the ground that the plaintiff is and was at

the time of bringing this action a citizen and resident of that State, and the defendants were ever at such times citizens and residents of the State of Virginia. At once, and before the Court had made any order, the plaintiff moved that he be allowed to enter a *nolle prosequi* as to his second cause of action, and to reduce his first cause of action to a sum less than $2,000. The Court allowed the first part of the motion and denied the second, and gave judgment denying the defendant's application to so remove the action, and they, having excepted, appealed to this Court.

*Messrs. T. G. Skinner* and *J. H. Blount* (by brief), for plaintiff.

No counsel *contra*.

MERRIMON, C. J.: Plainly, if the Court had not allowed the amendment of the complaint as to the second cause of action alleged, the Circuit Court of the United States might have taken jurisdiction of the action upon the ground of the diverse citizenship of the parties, and that the matter in dispute exceeded, exclusive of interest and costs, the sum of two thousand dollars. Hence, but for that amendment, the defendants were entitled to have their application to remove the action allowed. So that the question raised by the assignment of error is, had the Court authority to entertain and allow the motion of the plaintiff to amend the complaint after the application to remove the action was made? We think this question must be answered in the negative.

It appears from the case stated on appeal, that the "defendants, when the case was called, presented to the Court their written petition for its removal to the Circuit Court of the United States and tendered the bond required by law in such case, and at the same time filed their bond and petition with the Clerk." It must therefore be taken that the petition and bond were filed in the action as required by law at the time

the same were brought to the attention of the Court. There was no objection to the sufficiency of the petition or the bond. The Court took notice of the application thus made, and at once "the plaintiff's counsel arose and asked to be heard before any order was made" in respect thereto. The statute pertinent (24 U. S. Stat. at Large, ch. 373, §1) prescribes that when, and as soon as such petition and bond are filed in an action, "It shall then be the duty of the State Court to accept said petition and bond and proceed no further in such suit." The intention so expressed is, that the jurisdiction of the State Court shall cease at once upon the application sufficiently made for the removal of the action. The latter in its conditions in all respects at that time must be removed. It is not intended that the State Court shall after that time have control of the action for the purpose of changing its nature or condition, or the form thereof, or the pleadings therein, in any respect whatever. It then ceases to have jurisdiction, and has no authority to make any order, decree or judgment in the action. This is settled by many decisions of the Supreme Court of the United States, several of them much like this case. *Kanouse* v. *Martin*, 15 How., 198; *Railroad Co.* v. *Koontz*, 104 U. S., 5; *Burlington, &c., Railroad Co.* v. *Dunn*, 122 U. S., 513; *Steamship Co.* v. *Tugman*, 106 U. S., 118; *Kern* v. *Huidekoper*, 103 U. S., 485; *Marshall* v. *Holmes*, 141 U. S., 589.

In this case it appeared from the petition and the record that the action might be removed, and there was no objection to the sufficiency of the bond tendered and filed. It must be taken that it was sufficient. This being so, the jurisdiction of the Court below at once ceased. The order of the Court was not essential to the removal nor to put an end to its jurisdiction. This has been repeatedly decided. *Kern* v. *Huidekoper, supra; Insurance Co.* v. *Dunn*, 19 Wall., 214; *Stone* v. *South Carolina*, 117 U. S., 430. Hence, also, the order allowing the amendment striking out the second cause of

action was unauthorized and without force. *Kanouse* v. *Martin, supra;* Speer on Rem. of Causes, § 47; Foster's Fed. Pr., 385; Dillon on Rem. Causes, pp. 66–68.

The Court ought therefore to have made an appropriate order directing the removal of the action into the Circuit Court of the United States. The order allowing the amendment of the complaint must be reversed, and an order directing the removal of the action entered according to law.

Error.