### McMULLEN v. NORTHERN PAC. R. CO.

(Circuit Court, E. D. Wisconsin.    August 4, 1893.)

1. REMOVAL OF CAUSES—PRACTICE — REFUSAL OF PARTY TO RECOGNIZE JURISDICTION.

In a cause removed to a federal circuit court from a state court which had refused to order the removal, plaintiff, after refusing to recognize the

jurisdiction of the federal court, although he had due notice of its order docketing the cause, will not be heard in the federal court in opposition to a motion to dismiss the cause because it has been pending three stated terms without prosecution.

**2. SAME—WAIVER BY DEFENDANT.**

Where a state court persists in holding a cause for trial after it has been duly removed to a federal court, the defendant does not, by participating in such trial, waive his rights in the federal court. Insurance Co. v. Dunn, 19 Wall. 214.

At Law. Action by Mary McMullen, administratrix, against the Northern Pacific Railroad Company. Heard on defendant's motion to dismiss. Granted.

Ryan & Merton, for plaintiff.

Thomas H. Gill, for defendant.

SEAMAN, District Judge. The defendant moves to dismiss, upon due notice and affidavits, (1) under circuit court rule 40, because the cause has been pending three stated terms of the court without prosecution; and (2) under rule 69, because plaintiff has not given security for costs. The record shows that the action was commenced in the county court of Waukesha county, July 27, 1891, and that upon a petition and bond for removal filed in that court, and transcript of the record filed in this court, before the first day of its succeeding term, an order of this court was made on October 5, 1891, (being the first day of said next term,) docketing said cause, upon full understanding of the circumstances, and of the refusal of said county court to order removal. The plaintiff was duly notified of such order of this court, but declined to recognize jurisdiction; has neither appeared nor moved for remand, but now makes special appearance, by counsel, to urge in opposition to this motion (1) that jurisdiction has never been obtained by this court; and (2) that the defendant has waived all question by proceeding to trial and judgment in the court of original jurisdiction.

Neither of these objections meets the motion to dismiss. The plaintiff has ignored all the proceedings for removal of the cause, and rested upon the claim in her behalf that the petition for removal was not filed in time to become effective. In such case, jurisdiction would remain with the county court, and the plaintiff would be entitled to proceed to judgment, as it is now stated has been the course. On the other hand, if the petition and bond were duly filed, they operated at once to divest that court of all jurisdiction, whether an order for removal was made or refused. Kern v. Huidekoper, 103 U. S. 485; Insurance Co. v. Dunn, 19 Wall. 214. And in the latter case, if the county court insisted on holding the cause for trial, the participation therein of the defendant, under such requirement, would not waive or affect its rights in this court. Id.

With this position of the plaintiff, it is unnecessary—if not improper, in view of the order of October 5, 1891, docketing the cause —to inquire on this motion whether or not the filing of the petition for removal was made effective by the amendment granted by the

county court. It is sufficient that the rules here invoked in behalf of defendant have been violated, and entitle it to dismissal, and that the excuses offered by the plaintiff, by way of objections, all favor such disposition. 1 Desty, Fed. Proc. § 113. The plaintiff cannot claim to hold her cause for hearing in both courts, and, under the circumstances shown, must take dismissal here. It is so ordered, at plaintiff's cost.