RALEIGH AND AUGUSTA AIR LINE RAILROAD COMPANY v. E. B. STURGEON.

*Action to Recover Land—Railroads—Right of Way—Acquirement of Title—Easement.*

Where the charter of a railroad company provides that, where no contract is made with the company in relation to lands through which its road may pass, it shall be presumed that the land on which the road may be constructed, together with 100 feet on each side of the centre of the track, has been granted to the company by the owner, unless he shall, within two years from the completion of such portion of the road, apply for an assessment of damages, and in the trial of an action by the company against an occupant of a part of the right of way it appeared that the company had made no contract concerning the land and no application had been made by the

120—29

owner for assessment of damages; *Held*, That the company acquired only an easement in the land taken and is entitled to possession of the whole right of way only when it shall appear that it is necessary for its purposes in the conduct of its business, and, where the complaint in such action fails to allege that such necessity exists, the action should be dismissed.

2. Generally, the right which railroad companies acquire in lands condemned or purchased for their right of way amounts to an easement only and not to the purchase of the estate of the owner therein.

3. While land included in the right of way of a railroad company, not necessary for the purposes of the company, may be cultivated by the servient owner, the crop must not be of such inflammable or combustible nature, when matured or maturing, as to endanger the safety of the company's passengers or cause injury to adjoining lands in case of ignition of such crops by sparks from the company's engines, for, in such case, the company would have the right to enter and remove such crops.

CIVIL ACTION, to recover part of plaintiff's right of way in the town of Apex, which was claimed by defendant, tried before *Boykin, J.*, and a jury, at October Term, 1896, of WAKE Superior Court.

The ordinary issues in ejectment (except as to damages) were submitted and found in favor of the plaintiff, and from the judgment thereon defendant appealed.

*Messrs. L. R. Watts, J. B. Batchelor* and *MacRae & Day*, for plaintiff.

*Messrs. Armistead Jones* and *H. E. Norris*, for defendant (appellant).

MONTGOMERY, J.: The plaintiff company did not acquire its right of way by either condemnation or purchase. Its claim to the title and absolute and actual possession of the whole of the one hundred feet on both sides of its track is founded upon what it contends is the legal effect of one of the provisions of its charter, Section 9 of Chapter 26 of

the Acts of 1863, which is in the following words: "That in the absence of any contract or contracts with said company in relation to land through which the said road may pass, it shall be presumed that the land on which the said road may be constructed, together with one hundred feet on each side of the centre of the track, has been granted to the company by the owner, and the said company shall have good title and right thereto, and shall hold and enjoy the same as long as the same may be used for the purposes of the company, unless said owner, at the time of finishing the part of the road on his land, shall apply for the assessment of the value of the land within two years next after the finishing of such portion of the road; and said owner, for the want of such application within said two years, shall be barred from said recovery." The contention of the plaintiff is that, as the company had no contract concerning the land embraced in the right of way with the defendant, or those under whom he claims, and as no application for the assessment of the value of the land was made within two years next after the finishing of such portion of the road, the words of the Statute (the company's charter) vests the estate of the owner in the company as effectually for all intents and purposes as if a grant for the land had, in fact, been issued. In support of its contention, the plaintiff relies on the decision in *Railroad* v. *McCaskill*, 94 N. C., 746. In that case it does seem to be decided that under a provision of a charter, substantially like the one before us, the facts being about the same as in this case, that the title to the land passed to the company and that it was entitled to recover the possession whether necessary for the company's purposes or not. Yet, there seemed to be a doubt as to the correctness of the position in the mind of the court. In that case the court said, "A permissive use of part of it (right of way) by another, when

RAILROAD COMPANY *v.* STURGEON.

no present inconvenience results to the company, is not a surrender of rights of property, and, indeed, to expel an occupant. under such circumstances would be a needless and uncalled for injury. This may suspend, but does not abridge the right of the company to demand restoration *when the interests of the road may require its use.*" The effect of that decision was weakened by the opinion of the court in *Ward* v. *Railroad*, 109 N. C., 358, where it is said, "We take notice of the fact that whatever may be the privilege of railroad companies to exercise dominion over their whole right of way, the universal custom has been to allow the abutting owner, whose land has been taken for the use of the public, to cultivate up to the side ditches that are kept open for the purpose of proper drainage by the company." In the same opinion it is declared to be the duty of railroad companies in the construction of their roads to cut down large trees that might, from age or storms, fall upon their track, yet it intimates that a company would not be required to take actual possession of any part of its right of way not needed for the company's purposes, to remove from its crops high grass or bushes that might grow or spring up immediately outside of the ditches and grow high enough to conceal an animal from the view of the engineer who is approaching with a train.

In *Blue* v. *Railroad*, 117 N. C., 644, it was distinctly announced that the right which railroad companies acquire in lands condemned for their rights of way amount to an easement, and not to the purchase of the estate of the owner. In that case the court said, "The right of way of railroad companies is by judgment of condemnation made subject to occupation where, and only where, the corporation finds it necessary to take actual possession in furtherance of the ends for which the company was created. The

damages are not assessed upon the idea of a proposed actual dominion, occupation and perception of the profits of the whole right of way by the corporation, but the calculation is based upon the principle that possession and exclusive control will be asserted only over so much of the condemned territory as may be necessary for corporate purposes, such as additional track, ditches and houses to be used for stations and section hands. Unless the land is needed for some such use, the occupation and cultivation by the owner of the servient tenement will be disturbed only when it becomes necessary for the company to enter, in order to remove something which endangers the safety of its passengers, or which might, if undisturbed, subject the owner to liability for injury to adjacent lands or property.''

If McCaskill's case has not been overruled by the subsequent decisions of this court above referred to, we are at least in a position to discuss without much embarrassment the question whether or not the right acquired by railroad companies in their rights of way under such charters as the one before us, is an easement or a conclusive presumption of the conveyance of the estate of the owner. Under the Statute (charter) where there is no contract between the parties, and after two years from the completion of the road over the owner's land, there is a presumption that the land taken for the right of way "has been granted to the company by the owner, and the company shall have good title and right thereto and shall hold and enjoy the same as long as the same may be used for the purposes of the company''. * * * What reasonable meaning can be attached to the words ''for the purposes of the company,'' except that the land should be used for such purposes as are conducive and necessary to the conducting of the business of the company, that is, of safely and rapidly transport-

ing and conveying passengers and freight over its railroad? That is the whole business of the company. They need land for no other purpose than to properly construct their road beds and drain them, build side tracks when necessary and houses for their employees, warehouses and station houses, with convenient egress and ingress, and, perhaps, for a few other purposes that may have escaped our attention. If the company should need the whole of the right of way for these purposes, it has the right to use the whole. This is what was in contemplation when the railroad charters were granted, when the right of way was laid out and when the road was constructed. Such lands have been condemned on the ground that they were for the use of the public, and they cannot be used for any other purposes than those contemplated when they were condemned. It must be understood, however, that if lands belonging to the right of way not necessary for the purposes of railroad companies should be cultivated by the servient owners, the crops must not be of such inflammable or combustible nature, when matured or maturing, as would endanger the safety of the company's passengers, or might likely cause injury to adjoining lands in case of their ignition by sparks and fire from the company's engines. In such case the companies would have a clear right to enter and remove such crops from their right of way.

Our opinion, therefore, is that in the case before us the plaintiff has only an easement in the land in dispute. The company would be entitled to the possession of the whole of the right of way if it appeared that such possession was necessary for its purposes in the conduct of its business. But such did not appear to be the case on the trial. The complaint did not allege that the land occupied by the defendant was necessary for the purposes of the company,

and the motion of defendant's counsel to dismiss the action for that reason must be allowed.

Action dismissed.

FAIRCLOTH, C. J., dissents.