J. F. McCULLOCK et al. v. NORTH CAROLINA RAILROAD
COMPANY et al.

PLAINTIFFS' APPEAL.

(Filed 11 December, 1907).

1. **Pleadings—Relief Prayed For—Facts Alleged Proven—Remedy.**
    The plaintiffs (appellants) are entitled, irrespective of the
    prayer for relief, to any remedy to which the facts alleged and
    proven entitle them.

2. **Same—Amendments After Judgment—Power of Court.**
    When a cause of action is .defectively stated, the Judge or the
    court below may, "in furtherance of justice and on such terms as
    may be proper, amend any pleading," etc., and such may be done
    after judgment and when the case goes back after appeal to the
    Supreme Court. Revisal, sec. 507.

3. **Railroads—Lessor and Lessee—Easements—Rights Acquired.**
    The defendant railroad company, lessee of another railroad
    company which had acquired an easement over plaintiffs' lands,
    does not acquire the right to use more of the land thus acquired
    than is necessary to handle the increased business appertaining
    to the lessee road, and is liable to the plaintiffs for compensation
    for the additional or alien burden put upon the easement for its
    use by other roads leased or operated by the defendant.

4. **Same—Lessor and Lessee—Easements—Limitation of Actions.**
    , When it becomes necessary to the business of a railroad com-
    pany to occupy more of the right of way than formerly used, it
    cannot be barred by the statute of limitation of actions; but
    otherwise when its lessee road takes more thereof than is re-
    quired for the use of the business of the lessor road, for such use
    is wrongful.

5. **Same—Lessor and Lessee—Easements—Rights Acquired—Issues.**
    In an action to recover permanent damages for the alleged
    wrongful use by the defendant of more of plaintiffs' land than
    embraced by an easement therein of its lessee road, and by
    which right defendant claims such use, and when such questions
    arise from the pleadings and evidence, the following are the
    proper issues, and their refusal, when not substantially adopted,
    is a ground for a new trial: 1. Was the land so taken by the
    defendant necessary for the proper handling of the exclusive
    business of the lessor railroad company? 2. Has the land in con-
    troversy, since it was taken by the defendant, been used by it to

handle freights belonging to roads other than the lessor road, and which would not directly pass over said lessor road, or any part thereof, in transmission from the point of shipment to that of destination? 3. What damages have the plaintiffs sustained by reason of the alleged trespass?

CIVIL ACTION, tried before *Justice, J.,* and a jury, at June Term, 1907, of the Superior Court of GUILFORD County.

The facts sufficiently appear in the opinion of the Court.

*Scott & McLean, R. D. Douglas, R. M. Douglas* and *E. J. Justice* for plaintiffs.

*King & Kimball* for defendants.

CLARK, C. J.    The action of the plaintiffs is in the nature of an action of ejectment and also for wrongful entry and trespass.    But they are entitled, irrespective of the prayer for relief, to any remedy to which the facts alleged and proven entitle them.    *Gillam v. Insurance Co.,* 121 N. C., 372, and numerous cases there cited.

Succinctly stated, those facts are: The North Carolina Railroad Company acquired, in 1850, by deed, an easement in the lot in question, which is now used by the Southern Railway Company for trackage and similar purposes.    The Southern Railway Company, the defendant, as lessee of the North Carolina Railroad Company, is entitled to use said lot as fully as its lessor could have done (so far as this action is concerned), including any increased burden on the lot by reason of the increased business of said North Carolina Railroad Company's part of the business of the "Southern," whether the said business originates along the line of the North Carolina Railroad Company, or, originating elsewhere, is shipped to any point over the line of the North Carolina Railroad.

But at Greensboro, where the lot is located, the Southern Railway Company has four railroad lines other than that of the North Carolina Railroad Company, to-wit, one coming in from Danville, another from Mount Airy, another from

Wilkesboro and Winston, another still from the direction of Sanford. So far as business coming over these four lines is concerned, which stops at Greensboro, or which at that point is carried further, not upon the North Carolina Railroad, but upon one of these other four lines, there is no warrant for the use of said lot for trackage or warehouse purposes for the convenience of the Southern Railway Company, as to this business in which the North Carolina Railroad has no part or interest. The North Carolina Railroad Company would have had no right to use the lot for such purely alien purposes if it had not been leased, and it could not confer upon its lessee greater rights than it held itself.

The plaintiffs are entitled in this action to have permanent damages assessed, in the nature of condemnation, for the additional burden placed upon the lot by its use for purposes other than those for which defendant uses the lot purely as lessee of the North Carolina Railroad Company. *Hodges v. Telegraph Co.,* 133 N. C., 225, in which case this proposition is so clearly and fully reasoned out by *Connor, J.,* with full citation of authorities, that further discussion here would be idle repetition.

The plaintiffs, in their brief, submit that this is all they wish—*i. e.,* compensation for the alien and additional burden—and tersely say: "Take and pay." If this cause of action is defectively stated, when the case goes back the pleadings can be amended. Indeed, if the case had gone in favor of plaintiffs, they could have amended, even after judgment, to conform to the proof. Revisal, sec. 507.

The use of the roadbed, and up to the ditches on each side thereof at that point, by the Southern Railway or its lessor for more than twenty-one years was admitted; but, on the other hand, it was admitted by the defendants that the land outside of the ditches, but within 100 feet on each side of the center of the track, was first taken by it for trackage purposes in 1903. So far as that trackage is used by the rail-

way for other purposes than to accommodate its business as lessee of the North Carolina Railroad Company, it is an additional servitude.      Whether the Southern Railway Company, not being a North Carolina corporation, can take the property for this additional servitude, under the right of eminent domain, except so far as it may do so as lessee of those of its other lines which possess that right conferred by a charter from this State, is a matter not now before us.

It is a fact agreed in the case that the plaintiffs are owners of the 45-acre tract of land described in the complaint, subject to the right of way through the same conveyed to the North Carolina Railroad Company by deed from Hiatt, under whom plaintiffs claim, which deed was executed in 1850.      The said North Carolina Railroad Company held only an easement, a right to use so much of the right of way as was necessary for its purposes.      *Sturgeon v. Railroad,* 120 N. C., 225.      But when it becomes necessary for the North Carolina Railroad Company itself, or through its lessee, to occupy more of the right of way, it cannot be barred by the statute of limitations. *Railroad v. Olive,* 142 N. C., 257.

The taking possession of the right of way beyond the roadbed and ditches by the Southern Railway Company was only a few days before this action was begun, and, so far as it was taken to be used for trackage or other uses alien to its rights as lessee of the North Carolina Railroad Company, it was wrongful and is not protected by any statute of limitations.

The plaintiffs tendered, among others, the following issues, and excepted to their refusal:

"Was the land so taken by the Southern Railway Company necessary for the proper handling of the exclusive business of the North Carolina Railroad Company?

"Has the land in controversy, since it was taken by the Southern Railway Company, been used by said company to handle freights belonging to roads other than the North Carolina Railroad and which would not directly pass over said

North Carolina Railroad or any part thereof in transmission from the point of shipment to that of destination?

"What damages have the plaintiffs sustained by reason of the alleged trespass?"

These issues arose upon the pleadings and were essential to the decision of this controversy. Their refusal was error, necessitating a new trial.

Error.

### DEFENDANTS' APPEAL IN SAME CASE.

**Appeal and Error — Both Parties Appeal — Records, How Considered — Improvident Appeal.**

When the plaintiff and defendant appeal in the same case, the record in the one appeal cannot be looked into in considering the other. Therefore, when, in such cases, the appellant does not desire a modification of the judgment appealed from, the same. being entirely in his favor, his appeal is improvidently taken.

CLARK, C. J. The judgment below was in favor of the defendants, and the case has been discussed in the opinion in the plaintiffs' appeal.

During the course of the trial the defendants excepted to the submission of the issue, to overruling the motion for nonsuit, and to the instruction to answer the issue "Yes." There are cases in which the judgment is only partly in favor of the party obtaining it, or less favorable than he thinks that he is entitled to. In such cases he can appeal if he wishes to correct the judgment or to obtain a more favorable verdict and judgment on a new trial. But here the judgment is entirely in favor of the defendants. They do not desire a new trial or any modification of the judgment. Therefore, the sole question is, whether there was error committed in any of the matters excepted to in the plaintiffs' appeal. If there was, there must be a new trial; if there was not, then the judgment in favor of defendants must be affirmed.

The record in the defendants' appeal cannot be looked into

in considering the plaintiffs' appeal, and the decision of the Court in that appeal must determine whether there shall be a new trial or not. The defendants' appeal was, therefore, improvidently taken, and must be dismissed.

Appeal Dismissed.