J. F. McCULLOCH et al. v. SOUTHERN RAILWAY CO. et al.

(Filed 2 December, 1908).

1. **Railroads—Lessor and Lessee—Torts of Lessee—Liability of Lessor.**

    While a lessor railroad company, having a charter from the State, remains liable for the manner in which its lessee railroad company performs the public duties arising from the use under its charter, it is not liable for the tortious acts of its lessee in carrying on an entirely separate and distinct, though similar, business of its own, and which does not fall within the duties of the lessor road to the public.

2. **Railroads — Pleadings — Lessor and Lessee — Cause of Action Stated—Jurisdiction—Removal of Causes—Federal Courts.**

    When the complaint, in a joint suit against a domestic and foreign railroad corporation, alleges that the latter is a lessee of the former, and that its action in taking plaintiff's land for railroad purposes, the subject of the suit, was unjustifiable under the charter granted by the State to its lessor, but was for a separate and distinct part of the lessee's business, no cause of action is alleged as to the lessor company, and the lessee, when the amount demanded is jurisdictional, can, upon proper proceedings, have the cause removed to the Federal Courts.

3. **Same.**

    Allegations of the complaint that defendant railroad company, a domestic corporation, which had lawfully acquired the lands in question, had leased its road, and charter rights to operate it, to its co-defendant, a foreign corporation, and that, for its separate and distinct purposes, the latter had imposed an additional and unauthorized burden upon the *locus in quo*, states a cause of action against the latter company alone, and, upon proper proceedings, the cause is removable to the Federal Court, when the amount is jurisdictional.

4. **Railroads—Pleadings—Jurisdiction—Severable Causes—Removal of Causes—Federal Courts—Amendments.**

    When, in a suit brought jointly against a domestic and foreign corporation, in the State courts, the complaint alleges a severable cause of action, and an amendment is made to sufficiently increase the amount involved to confer jurisdiction on the Federal Court, upon proper proceedings for removal had by the latter company, the cause is removed *eo instanti* by the force of the statute, and the State courts cannot proceed further, or inquire

149—20

into the amount of damages plaintiff is legally entitled to recover under the facts stated, or to pass upon the validity of the cause, or permit the amended complaint to be withdrawn.

5. Railroads—Jurisdiction—Removal of Causes—Federal Courts—Money Demand—Condemnation Proceedings.

The jurisdiction of the Federal Courts is not affected in a suit wherein the plaintiff claims damages from a foreign corporation, for an additional and alien burden upon his lands; for it is not a question of appropriating property against the owner's will, as in the enforcement of the right to acquire land by condemnation proceedings.

CLARK, C. J., dissenting.

ACTION heard by *Jones, J.,* April Term, 1908, of GUILFORD, upon petition for removal to the Circuit Court of the United States.

From the judgment of his Honor that the cause was not removable, the Southern Railway Co. appealed.

*Scott & McLean, Justice & Broadhurst* and *Douglass & Douglass* for plaintiff.

*W. B. Rodman* and *Wilson & Ferguson* for defendants.

BROWN, J. The history of this case is as follows: Action was commenced August 1, 1903. The pleadings were filed and the cause came on for trial at the July Term, 1907, and a judgment was rendered in favor of defendants, dismissing the action. From this judgment, plaintiffs appealed to the Supreme Court, and the appeal was heard at the Fall Term, 1907, upon an agreed state of facts. 146 N. C., 316.

A new trial was awarded, and the court suggested to plaintiff an amendment to the pleadings. The plaintiff, on the first day of April Term, 1908, of the Superior Court of Guilford County, acting in accordance with the suggestion of this Court, filed an amendment to the complaint, and instantly the defendant Southern Railway Co. filed a petition for removal. The Court overruled the motion to remove, and defendant Southern Railway Co. appealed.

McCulloch *v.* R. R.

The Southern Railway Co. is the lessee of the North Carolina Railroad Co., and, as such, is operating the line of railway extending from Charlotte, through Greensboro, to Goldsboro. As such lessor the North Carolina Company is liable for the acts of the lessee done in the performance of the duties of the lessor as a common carrier. The effect of the franchise to construct and operate a railroad is to require the licensee to perform certain public duties, and the licensee cannot avoid its part of this contract with the sovereign by sub-letting its franchise. The licensee from the State, nevertheless, remains liable for the manner in which its lessee performs these public duties, which the lessor has agreed with the public to perform. *Logan v. R. R.,* 116 N. C., 940. Upon no other principle of law can the decision in the *Logan Case* be sustained. It has never been held by any Court that the lessor of a railroad company is liable for the tortious acts of its lessee, done not while carrying on the business of its lessor, but while carrying on an entirely separate and distinct, though similar business of its own.

The gravamen of the plaintiff's complaint is, that they are the owners and *in possession* of a tract of land on which the Southern Railway has committed a trespass, and that it is undertaking to justify its tortious act under a certain deed to the North Carolina Company, its lessor, and that the trespass of the Southern on this land cannot be justified under that title because the land was not taken to carry on the business of the North Carolina Railroad Company, but for the separate and independent business of the Southern Railway Company. How is the North Carolina Railroad Company interested in an action of trespass against the Southern Railway Company?

It is no more interested than any other grantor under whose deed any alleged trespasser undertakes to justify, and such grantor is admittedly not a necessary or proper party to the action for damages for the supposed trespass.

McCulloch *v.* R. R.

If this act of taking possession of the *locus in quo* was an act done in the conduct of the public business of the North Carolina Railroad Company, and which the North Carolina Railroad Company was under the law required to do, then, under the former decision in this case, the plaintiffs' action fails entirely and should be dismissed.

The plaintiffs recognize this, and seek to avoid it by expressly alleging in section 11 of the complaint, that the act of taking possession of this *locus in quo* was not done in the conduct of the public business of the North Carolina Company, but for the purpose of conducting a separate and distinct part of the Southern's business.

The former company, according to the complaint, has done nothing. Upon what principle of law then can it be held liable for the acts of the Southern, alleged by the plaintiff to be done outside of and beyond its rights under the lease, it being expressly denied in the complaint that these alleged wrongful acts of the Southern were done in the performance of the public duties which it had undertaken to discharge for the North Carolina Company as its lessee?

A cursory reading of the former opinion in this case will disclose, that the very ground upon which a new trial was awarded is that the Southern Railway Company was doing the acts complained of, not in the performance of the public duties of the North Carolina Railroad Company, but in the performance of the duties of the Southern Railway Company because it owns and operates certain other railroads, and that the acts are done in performance of the public duties of those roads, and plaintiffs' predecessors in title not having granted the land which was taken to be used for that purpose, it was placing an additional servitude on the land, and for this additional servitude the Southern Railway Company should be made to pay.

If this alleged act in entering upon and taking the *locus in quo* may be justified under the charter of the North Caro-

lina Company, and was done in furtherance of its business, then it is lawful, and there is no cause of action against either company. *Sturgeon v. R. R.,* 120 N. C., 225; *R. R. v. Olive,* 142 N. C., 257.

If the appropriation of the property may not be so justified, then only the Southern can be held liable, and in any event the North Carolina Company is not liable upon the facts stated in the complaint.

It is plain that the controversy is not only separable, but that, under the pleadings and the former opinion of this Court, there is only one controversy, and that is between the plaintiffs and the Southern Railway Co. That was the ruling of this Court when it held that the Judge of the Superior Court should have submitted the issues set out in the former opinion on page 319, for those issues present a controversy with the Southern Railway only.

It is suggested that the amended complaint, in which the damages are laid at four thousand dollars, filed in pursuance of our opinion at the last term, does not state a cause of action against the Southern Railway, and therefore the plaintiff would be remitted to his first complaint for $1,500, a sum not within the Federal jurisdiction.

This contention does not appear to find much support in the following clause of that opinion:

"The plaintiffs are entitled in this action to have *permanent* damages assessed, *in the nature* of condemnation, for the additional burden placed upon the lot by its use for purposes other than those for which defendant uses the lot purely as lessee of the North Carolina Railroad Co. (*Hodges v. Tel. Co.,* 133 N. C., 225), in which case this proposition is so clearly and fully reasoned out by Connor, J., with full citation of authorities."

But we are prevented from considering this question because, having held that the controversy is separable and that no cause of action is stated against the North Carolina Rail-

road Company, when the petition and bond for removal were filed by the Southern Railway Company, the jurisdiction of the State court was at once ousted and that court can proceed no further.

When a money judgment is demanded, as in this case, the right of removal is determined by the sum demanded, as appears by the record at the time the petition is filed. When an amendment is made the sum last demanded is "the matter in dispute." Moon on Rem., sec. 88. After the petition and bond for removal are filed the jurisdiction of the State Court ceases *eo instanti*. It can make no order except that further proceedings be suspended. The plaintiff cannot even take a nonsuit. He must go into the Federal Court to do that. If the State Court has no jurisdiction to allow a nonsuit, how can it take jurisdiction to pass on the validity of a cause of action.

In this case, according to this Court, there are two causes of action attempted to be pleaded. If the controversy is separable, as it is practically admitted to be, it is removable. If then the State jurisdiction ceases when the petition is filed so that a nonsuit could not be taken, whence does the State Court acquire jurisdiction to declare the larger cause of action invalid so as to prevent a removal?

The Federal statute prescribes that when, and as soon as such petition and bond are filed in an action, "it shall then be the duty of the State Court to accept said petition and bond and *proceed* no further in such suit." 24 U. S. Stat. chap. 373, sec. 1. In construing this statute in a case like this, this Court has said: "The intention so expressed is that the jurisdiction of the State Court shall cease at once upon the application sufficiently made for the removal of the action. *The latter in its condition* in all respects at the time must be removed. It is not intended that the State Court shall after that time have control of the action for the purpose of changing its nature or condition, or the form

thereof, *or the pleadings therein,* in any respects whatever. It then ceases to have jurisdiction, and has no authority to make any order, decree or judgment in the action. This is settled by many decisions of the United States, several of them much like this case." *Merrimon, C. J.,* in *Winslow v. Collins,* speaking for a unanimous court, including our present Chief Justice, 110 N. C., 121.

If this case involves a seperable controversy, or a single controversy with the Southern Railway Company as is practically admitted and heretofore decided, then this Court has no jurisdiction to pass on the validity of any cause of action set out in the complaint, and could not even allow a nonsuit. Its jurisdiction terminated with the filing of the petition and bond. *Kanouse v. Martin,* 15 How., 198; *R. R. v. Koontz,* 104 U. S., 5; *R. R. v. Dun,* 122 U. S., 513; *S. S. Co. v. Tugman,* 106 U. S., 118; *Kern v. Huidekoper,* 103 U. S., 485; *Marshall v. Holmes,* 141 U. S., 589.

No order of the Superior Court, or of this Court, was essential to the removal, or to put an end to the State jurisdiction. It terminated *eo instanti* by force of the statute. *Stone v. S. C.;* 117 U. S., 214; *Ins. Co. v. Dunn,* 19 Wall, 214.

The plaintiff could not withdraw the amended complaint if he desired, nor could the court allow him to do so. This is held in *Winslow v. Collins, supra,* where it is said: "Hence, also, the order allowing the amendment striking out the second cause of action was unauthorized and without force."

In that case the second cause of action was stricken out in the Superior Court, so as to bring the sum in controversy below the Federal jurisdiction. Dillon on Removal, pp. 66, 68; Foster's Fed. Prac., 385; Moon on Removal, pp. 71, 72, and notes.

The *Tobacco Case,* 144 N. C., 369, was before us upon the question of removal to the Federal Court. This court refused to consider whether the complaint stated a cause of action,

saying: "Whether the plaintiff in its complaint has set forth any actionable wrong is not open for us at this time."

The authorities are conclusive, that when at the time the petition and bond are filed, the record as it then stands shows on its face a removable cause, or a separable controversy, which is removable as to one defendant, the State Court has no jurisdiction to make any order whatever, except that it will proceed no further.

We have considered the suggestion that the defendant, the Southern Railway, has no power of condemnation, and, therefore, permanent damages cannot be assessed, so that no cause of action is stated in the amended complaint, and we have shown by controlling authority that after the petition was filed the jurisdiction of the State Court was ousted, and that therefore we are debarred from considering that question. It is again suggested that this is a condemnation proceeding in which the Southern Railway Company is attempting to exercise the power of eminent domain under the laws of this State, and that the United States Courts have no jurisdiction over such proceedings. We will not advert to the apparent inconsistency of the two contentions, but only to the fact that we have practically held, in the former opinion in this case, that this is not a condemnation proceeding but *a civil action* in which the plaintiffs are entitled to damages in the "nature of condemnation."

The Railway Company does not seek to condemn plaintiff's land. That land was conveyed by plaintiffs to the North Carolina Railroad Company by deed, and is within its right-of-way and necessary for the use of that company. The Southern Railway Company could not condemn it if it had the right of eminent domain, as it is already devoted to and necessary for the exercise of the franchise of the North Carolina road. *R. R. v. R. R.*, 83 N. C., 489. The Southern Railway does not claim any right in, or seek to condemn this land, but contends that it does not need to condemn

it, as it has the right to use it as lessee of the North Carolina Company.

The plaintiffs only ask for *compensation* for what they aver is an unwarranted use of the land by the Southern Railway Company constituting, in law, a trespass. In our former opinion the contention of plaintiff is stated by the. *Chief Justice* with his usual clearness, as follows: "The plaintiffs, in their brief, submit that this is all they wish—*i. e., compensation* for the alien and additional burden, and tersely say 'Take and pay.' If this cause of action is defectively stated, when the case goes back, the pleadings can be amended." 146 N. C., 318.

The whole record and our former opinion clearly show that this is not a condemnation proceeding commenced before the Clerk under the statute, or in the Superior Court in term, in which the railway company is seeking to condemn property under the power of eminent domain, but that it is a civil action commenced in term time, by the plaintiffs, to recover four thousand dollars damages for a trespass.

This is not a "question as to whether property shall be appropriated" under the power of eminent domain against the owner's will, but solely a question as to what compensation shall be paid to the original land owner for an alleged unlawful burden placed on the property by the lessee of the North Carolina Railway Company, to whom the plaintiffs have heretofore conveyed it for railroad purposes.

It is not a question of appropriating property against the owner's will, but simply a question of *compensation,* and where that is the case the Federal Courts always have had jurisdiction even in condemnation proceedings.

Under the Removal Act of 1875, "the question of compensation for land appropriated, if triable in a State Court, might be removed to a United States Circuit Court." Moon on Removal, pp. 136-137. In section 75, quoted *in part* in the opinion of the *Chief Justice,* Mr. Moon goes on to say:

"On the other hand, if all questions that are non-judicial have been determined before going into court, and the court proceeding involves only the judicial question of compensation for the rights taken, the cases holding similar proceedings under the act of 1875 to be within the jurisdiction of the United States Circuit Court, are controlling under the present act." P. 139. *Broom Co. v. Patterson,* 98 U. S., 403.

For the reasons given, and upon the authorities cited, we are of opinion that the cause is removable as to the defendant, the Southern Railway Company. The judgment of the Superior Court is

Reversed.

CLARK, C. J., dissenting. This is an action begun against the N. C. R. R. Co. (a North Carolina corporation) and the Southern R. R. Co. (a foreign corporation), the former being lessor and the latter lessee of the former's property. The action was brought to recover $1,500.00 damages for trespass in using the easement in the right of way of lessor company for purposes not covered by the rights acquired by the latter in its capacity as lessee.

This case was here at Fall Term, 1907, 146 N. C., 316. In deciding that any use by the lessee of the property for purposes other than those pertaining to it in that capacity was wrongful, this Court said: "The plaintiffs are entitled in this action to have permanent damages assessed, in the nature of condemnation, for the additional burden placed upon the lot by its use for purposes other than those for which defendant used the lot purely as lessee of the North Carolina Railroad Company, *Hodges v. Tel. Co.,* 133 N. C., 225." That the Court was speaking generally, in the abstract, and not holding that this lessee company possessed the right of condemnation is clear from this further paragraph. "Whether the Southern Railroad Company, not being a North Carolina

corporation, can take the property for this additional servitude, under the right of eminent domain * * * * * is a matter not now before us."

When the case went back, the plaintiffs, under leave of court, amended their complaint, by adding, among other allegations, that the Southern Railroad Company is a foreign corporation and cannot exercise the right of eminent domain by taking any land under its lease from North Carolina Railroad Company, for its own use, or for the use of any other road not an actual or integral part of the North Carolina Railroad, adding, further, that, while insisting that the additional servitude imposed for purposes not incident to its rights as lessee of North Carolina Railroad Company, was "unlawful and tortious and claiming damages for such injuries, the plaintiffs are willing that permanent damages may be assessed in this action for the value of the land," and amended their prayer for judgment by "adding thereto, in the nature of an alternative relief," the sum of $4,000.00 for permanent damages.

The Southern Railroad Company thereupon filed a petition for removal to the Federal Court, averring that this was a severable controversy affecting itself alone. But if the Southern Railway Company does not possess the right of eminent domain, it can not be conferred by the plaintiffs. It can be granted by the sovereign alone, and it follows that the amended complaint and prayer for judgment state no cause of action, and there is before the Court no legal controversy save for $1,500.00 damages for trespass, which is not removable.

In Mills' Eminent Domain, sec. 48, it is said: "The act authorizing condemnation must be express and clear. If there are doubts as to the extent of the power, they should be resolved adverse to the claim of power. *R. R. v. Kip,* 46 N. Y., 546; *Webb v. R. R.,* 4 Myl. and Cr., 116. Although a corporation may be engaged in a great public work, in

which the power of condemnation would be of great service, yet the authority must be clearly conferred. Otherwise the corporation must purchase from the owners as best they can. *Thatcher v. Dartmouth Bridge Co.*, 18 Pick., 501." The plaintiffs could have sold to Southern Railroad Company, if the latter were authorized to acquire realty in this State, but the plaintiffs could not authorize or call upon the courts to exercise the sovereign powers of eminent domain in favor of a foreign corporation when the legislature has not conferred that power upon it.

In 1 Lewis' Em. Domain, sec. 242, it is said: "It is solely for the legislature to judge what persons, corporations or other agencies may properly be clothed with this power. *Ash v. Cummings*, 50 N. H., 591." The same author, sec. 243, says, that "such power of eminent domain when conferred by the legislature is a personal trust and cannot be delegated or transferred, except by legislative authority. *Morrison v. Forman*, 177 Ill., 427. Purchasers, grantees, lessees, of the property and franchises of a corporation do not by such purchase, grant or lease acquire the right of eminent domain," citing many cases. To same purport, Randolph Em. Domain, sec 108 and cases cited.

The Southern Railroad Company, being a foreign corporation, with no charter from this State, has had no legislative grant of this power. The general grant, Rev. 2575, is only to corporations created by the authority of this State. The authority conferred on foreign corporations by Rev., secs. 1193, 1194, does not include the right of eminent domain.

The only valid cause of action set out in the complaint is an action for trespass averring $1,500.00 damages.

But if there is a cause of action, it is for a right of condemnation under the State's right of eminent domain which a Federal Court has no jurisdiction to administer; besides, it is not a "suit" within the meaning of the Removal Statute— hence this case is not removable. Moon on Removal, sec.

75, pp. 133, 134, citing *R. R. v. R. R.,* 17 W. Va., 812; *R. R. v. Jones (Brewer, J.),* 29 Fed., 193; *Searl v. School Dist.,* 124 U. S., 197. "The appropriation of private property for public use is an act of sovereignty on the part of the State." *Boom Co. v. Patterson,* 98 U. S., 403; *Cherokee Nation v. R. R.,* 33 Fed., 900. "It is not in any proper sense a judicial act." *R. R. v. Dunlap,* 47 Mich., 456; *Navigation Co. v. U. S.,* 148 U. S., 312.

"The question whether  property shall be appropriated being solely a non-judicial question to be decided by the State authorities, a proceeding to determine the propriety or necessity, method or extent of any proposed appropriation is not within the original jurisdiction of a United States Circuit Court or removable thereto from a State Court." Moon on Removal, p. 138, citing *R. R. v. Cookroft,* 46 Fed., 881; *R. R. v. Montague,* 94 Fed., 227, and other cases.