In the Matter of the Application of EDWARD J. COLLINS, JR., for a Peremptory Order of Mandamus Directed to JOHN W. MOORE, as Superintendent of Buildings in the Borough of Queens, and THOMAS J. DRENNAN, as Fire Commissioner of the City of New York, Commanding Them and Each of Them to Enforce the Provisions of the Building Zone Law or Resolution of the Board of Estimate and Apportionment of the City of New York, etc.

Supreme Court, Queens County, May 25, 1925.

**Municipal corporations — zoning ordinance — peremptory mandamus to compel superintendent of buildings of city of New York and fire commissioner thereof to discontinue operation of laundry situated on premises in residence district — said premises though continuously used prior to enactment of Building Zone Resolution for business purposes were not heretofore used as laundry — Building Zone Resolution, §§ 6 and 7, prohibits substitution of prohibited business for another prohibited enterprise — application granted except as against fire commissioner.**

A peremptory order of mandamus directing the superintendent of buildings of the city of New York to bring about the discontinuance of the operation of a laundry situated within a residence district of said city should issue, notwithstanding the fact that the premises only recently used as a laundry had been occupied continuously prior to the enactment of the Building Zone Resolution for business purposes, since sections 6 and 7 of said resolution prohibit the substitution of a prohibited business for another prohibited enterprise.

The order, as drafted, should not be directed to the fire commissioner of the city of New York, since by section 242-b of the Greater New York charter, said fire commissioner was relieved from enforcing the provisions of the Building Zone Resolution.

APPLICATION for peremptory order of mandamus.

*Ritter & Kadien [Frederick W. Ritter* of counsel], for the petitioner.

*George P. Nicholson, Corporation Counsel of the City of New York [Michael J. Kelly, Assistant Corporation Counsel],* for the defendants John W. Moore and Thomas J. Drennan.

*William E. Stewart,* for the intervenors Henry H. Bischoff and Charlotte Bischoff, owners, and Henry W. Bischoff and Martin Salzer, tenants.

CROPSEY, J.:

There is no denial of the allegations of the petition. The use of the premises in question has been a business one, more or less continuous, for a number of years, beginning prior to the enactment of the Building Zone Resolution. They had never been used, however, as a laundry until recently. The premises are in a residence

district, and therein a laundry is not permitted. It is contended, however, that because a business was conducted there when the zoning provisions became effective the business use may be changed and the premises used for any business. I find no authority for such a contention. A business existing at the time of the enactment may be continued and under certain conditions the property used may be enlarged for the same business. (*People ex rel. Facey* v. *Leo,* 110 Misc. 516; affd., 193 App. Div. 910; affd., 230 N. Y. 602; *People ex rel. Wohl* v. *Leo,* 109 Misc. 448.) But the language of the Building Zone Resolution (§§ 6, 7) plainly indicates there cannot be a substitution of a prohibited business for another one. (See *People ex rel. Ventres* v. *Walsh,* 121 Misc. 494.) The laundry, therefore, should not be permitted to continue. The owners of the property and the laundry have voluntarily appeared and intervened. By section 242-b of the Greater New York charter (added by Laws of 1914, chap. 470, as amd. by Laws of 1917, chap. 601, and Laws of 1924, chap. 295) the fire commissioner was relieved of enforcing zone violations. Motion granted except as to fire commissioner. Settle order on notice.