## STATE v. SAM MILLER.[1]

November 24, 1939.

No. 32,198.

[1]Reported in 288 N. W. 713.

346

*Brill & Maslon,* for appellant.

*R. S. Wiggin,* City Attorney, and *Leo P. McHale,* Assistant City Attorney, for the State.

HOLT, JUSTICE.

Defendant was accused of having violated the zoning ordinance of the city of Minneapolis, in that on December 13, 1938, he did wilfully, wrongfully, and unlawfully use and occupy a building known as 102 South Cedar Lake Road for the handling and machine-cleaning of sacks and bags, said building being then and there within the light industrial zone, wherein such use is prohibited by said ordinance. Defendant was convicted and sentenced. He appeals from the judgment.

There are three assignments of error which defendant reduces to two, *viz.:* (a) The court erred in holding that the facts stated in the warrant and complaint constitute a public offense; and (b) the court erred in holding that the ordinance, under which the complaint was drawn and defendant convicted, was not unreasonable, arbitrary, or discriminatory and not in violation of U. S. Const. Amend. XIV, and not in violation of Minn. Const. art. 1, § 7.

We deem the first assignment not well taken. The complaint alleges that on a specified day defendant wilfully, wrongfully, and unlawfully used a building known as 102 South Cedar Lake Road in the city of Minneapolis "for the handling and machine-cleaning of sacks and bags" in said building, then being situate in the part of the city zoned by the city council of the city as a light industrial zone wherein such use is prohibited, contrary to the provisions of the zoning ordinance and against the peace and dignity of the state. There is no controversy as to the existence of the ordinance and that the building mentioned is located in that part of the city zoned as light industrial. The ordinance in terms excludes certain enumerated industries from this zone. The provision reads [Minneapolis City Charter & Ordinances, 1872-1925, p. 534, § 6]: "In the Light Industrial District all buildings and premises except as otherwise provided in this ordinance may be

used for any use permitted in the Commercial District, or for any other use except the following:" Then follows a list of 61 industries that are excluded, the 10th being "Bag Cleaning" and the 61st being, "And in general those uses which are nuisances." Section 8 of the ordinance contains this provision:

"The lawful use of land existing at the time of the adoption of this ordinance, although such use does not conform to the provisions hereof, may continue, but if such non-conforming use is discontinued any future use of said land shall be in conformity with the provisions of this ordinance."

There can be no doubt that the complaint stated a violation of the ordinance by defendant. But defendant argues that "bag cleaning" cannot be work that comes within the purview of a zoning ordinance, for then a lady undertaking to clean her handbag or shake out a flour sack in a light industrial zone would be guilty of an offense under the ordinance. We are not impressed with the argument. It is clear that the city council referred to industries and not to an owner's cleaning of his own bags or personal property. We think it is common knowledge that extensive plants equipped with various machinery to remove dust from used bags are in existence. It is a bag-cleaning industry that is excluded from a light industrial zone, and not that of one cleaning bags for his personal use.

Defendant's main effort is to show that the ordinance if applied to the use he makes of the building mentioned is violative of U. S. Const. Amend. XIV as well as of Minn. Const. art. 1, § 7. This requires some statement in respect to the facts. When the property in question was by the zoning ordinance placed in the light industrial zone the owner constructed thereon a macaroni factory which was in operation for many years. That industry was permissible in that zone. The building was 45 feet wide by about 80 feet long, two stories frame on stone foundation. The macaroni industry failed and ceased to operate in 1937. In the fall of 1938 defendant bought the premises on contract. The macaroni equipment was removed, and a bag-cleaning machine

operated by a five-horsepower electric motor was installed. Defendant buys secondhand jute bags which after cleaning and mending are sold. The cleaning machine is run at short intervals. Only two men are employed, whereas over 30 worked when the macaroni industry was at its peak. When the macaroni business was conducted the building was heated with coal. Now defendant has installed an oil burner from which the smoke and dust are much less. The operation of the cleaner makes some noise. The testimony is conflicting as to the disturbance made, some witnesses stating that it could be heard a block away from the factory and others that you could scarcely hear anything when standing outside in front of the factory. The evidence as to the dust coming from the plant and settling in the neighborhood is also conflicting. The first few weeks of defendant's operation there was undoubtedly dust settling to such extent that it could have been found a nuisance, but then it is claimed this was remedied so that the dust extracted in the cleaning process is conducted to a receptacle in the building, from which four or five 100-pound sacks are obtained a month and sold for feed. It may be admitted for the purposes of a decision that neither as to dust nor noise is the business conducted by defendant a nuisance and on that ground excluded from a light industrial zone.

That it is within the power of the city council to enact a zoning ordinance such as the one in question, passed April 3, 1924, and subsequently amended (found on page 527, Minneapolis City Charter & Ordinances, 1872-1925) need not be considered. It must be deemed settled in this court as well as in the Supreme Court of the United States. That matter is fully discussed and authorities cited in State ex rel. Beery v. Houghton, 164 Minn. 146, 204 N. W. 569, 54 A. L. R. 1012, and in Village of Euclid v. Ambler Realty Co. 272 U. S. 365, 47 S. Ct. 114, 71 L. ed. 303, 54 A. L. R. 1016. In the instant case the bag-cleaning industry which defendant was accused of carrying on in the building named was expressly prohibited by the ordinance. The city council particularly designated and excluded 61 industries, manufacturers, or

works from the light industrial zone wherein defendant's building was situate. While in the conduct of these several prohibited industries there may be a variation as to the effect on surrounding owners or occupants, the court may not therefrom conclude that the exclusion is unreasonable, arbitrary, or discriminatory. The designation of the industries excluded from the light industrial zone was for the city council, "and it is presumed that the legislative body investigated and found conditions such that the legislation which it enacted was appropriate." State ex rel. Beery v. Houghton, 164 Minn. 146, 151, 204 N. W. 569, 571, 54 A. L. R. 1012. Defendant among other cases refers to Reschke v. Village of Winnetka, 363 Ill. 478, 2 N. E. (2d) 718; People ex rel. Kirby v. City of Rockford, 363 Ill. 531, 2 N. E. (2d) 842; Arverne Bay Const. Co. v. Thatcher, 278 N. Y. 222, 15 N. E. (2d) 587, 117 A. L. R. 1110; Rowland v. City of Racine, 223 Wis. 488, 271 N. W. 36. These are late decisions and refer to preceding cases. The Reschke case was a suit in equity to enjoin the village from enforcing a zoning ordinance as to the plaintiff's property. In sustaining the injunction granted, the court said cities and villages had the power to adopt zoning ordinances and [363 Ill. 485, 2 N. E. (2d) 721]:

"If the restrictions thereby imposed are considered either doubtful or fairly debatable, courts should not substitute their judgment for that of the legislative body of the particular municipality," citing cases.

The facts upon which the ordinance was held unreasonable and confiscatory as to the property involved have no semblance to those in the instant case. The Kirby case was one in *mandamus* to compel the building inspector to issue a permit for the erection of a filling station on plaintiff's lots zoned as residential. Facts were found in favor of the plaintiff, and the city appealed. Such facts like those in the Reschke case showed that the lots for business purposes were worth more than twice their value for residential purposes, and the court said [Kirby case, 363 Ill. 538, 2 N. E. (2d) 846]:

"On the record there is no connection between the destruction of values of the relator's premises by the zoning ordinance and the public health, morals, safety or general welfare. As applied to the relator's property the ordinance is unreasonable and void."

The Arverne Bay Construction Company's case was an action to declare a zoning ordinance unconstitutional insofar as it placed plaintiff's property in the residential zone. The court stated [278 N. Y. 230, 15 N. E. (2d) 591, 117 A. L. R. 1110]:

"Findings of the trial judge, sustained by evidence presented by the plaintiff, establish that, in the vicinity of the plaintiff's premises, the city operates an incinerator which 'gives off offensive fumes and odors which permeate plaintiff's premises.' About 1,200 or 1,500 feet from the plaintiff's land, 'a trunk sewer carrying both storm and sanitary sewage empties into an open creek * * *. The said creek runs to the south of plaintiff's premises and gives off nauseating odors which permeate the said property.' The trial judge further found that other conditions exist which, it is plain, render the property entirely unfit, at present, for any conforming use."

The Rowland case is also determined upon facts found which establish that the zoning as to the plaintiff's property was arbitrary and discriminatory and unrelated to the purpose for which zoning is permitted. There is no proof in the instant case that plaintiff's property is at all depreciated in value if restricted to the uses permitted in the light industrial zone. We do not think this record shows that in prohibiting the use of plaintiff's premises as a bag-cleaning industry the ordinance contravenes any provision of either the federal or state constitutions.

Defendant also contends that bag cleaning is allowable under the provision above quoted of § 8. Clearly, this provision does not help defendant. The building had been used for many years as a macaroni factory, a proper use within the light industrial zone wherein it was located. Defendant bought the property years after it had been placed by the ordinance in the light industrial zone where a bag-cleaning industry was specifically excluded. He

certainly cannot claim the right to continue nonconforming use. He cites Landay v. Board of Zoning Appeals, 173 Md. 460, 196 A. 293, 114 A. L. R. 984; Freeman v. Board of Adjustment, 97 Mont. 342, 34 P. (2d) 534. The Landay case was decided on the proposition that there had been no abandonment of the nonconforming use permitted by the ordinance, and the Freeman case involved the powers of the board of adjustment established by the ordinance to grant relief where otherwise the zoning would unreasonably interfere with an individual's property rights. That defendant can claim nothing under the provision quoted from § 8 of the ordinance is supported by Collins v. Moore, 125 Misc. 777, 211 N. Y. S. 437, where the contention was made but not sustained "that because a business was conducted there when the zoning provisions became effective the business use may be changed and the premises used for any business."

The judgment is affirmed.

