THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* CHARLES HEIN, Defendant.

.Police Court of the Village of East Aurora, December 10, 1945.

*Selwyn R. Mack* for plaintiff.

*Milton Rabow* for defendant.

BURKE, J. On September 10, 1945, an information was laid charging the defendant, Charles Hein, with violations of the Building and Zoning Ordinance in that (1) he was knowingly conducting a business at 80 Buffalo Road in a residential zone and that (2) he was maintaining a junk yard in a residential zone.

The case was tried on October 18, 1945. The attorneys entered into the following stipulation: " It is hereby stipulated between the attorneys for the parties to this proceeding that the Defendant, Chas. Hein, maintains and operates a public garage

for the general repair of automobiles and trucks at 80 Buffalo Road, East Aurora, N. Y.; that in addition thereto and in connection therewith, he brings cars there from other locations and dismantles as necessary to obtain parts therefrom in the repair of other automobiles and or for the sale of said parts; that he burns up the remaining frame to eliminate the non-metal parts thereof so that only metal remains which he sells as junk; that he straightens fenders and bodies of automobiles and trucks that have been damaged in accidents; that he does electric welding and sells tires, batteries and automobile accessories; that the defendant maintains signs in front of the premises reading ' Hein's Auto — Electric Service — Electric and Acetylene Welding — Chas. Hein, Proprietor '. Another sign reading ' Reconditioned car parts, tires, batteries and accessories '."

The defense offered to the charge of conducting a business was that the business had been commenced at the 80 Buffalo Road premises prior to enactment of the Building and Zoning Ordinance January 16, 1928, and to the charge of maintaining a junk yard that the storage of old cars, parts and other paraphernalia on the premises was an incidental part of the business.

Section 20 of the Building and Zoning Ordinance provides: " No real property shall be used unless in conformity with the provisions of this ordinance, except that any non-conforming use as it existed on Jan. 16, 1928 (the date on which the Zoning Ordinance went into effect), may be continued. Such non-conforming use may be changed to another non-conforming use, by and with the consent of the Zoning Board of Appeals, previously obtained on application, if in the opinion of the Zoning Board of Appeals, such change is no more harmful or objectionable than the original non-conforming use."

Testimony by witnesses for the People was to the effect that within the last ten years there has been a radical change in the appearance of and character of operations at the premises. A reasonably clean piece of property has been transformed into a refuse and storage yard as depicted in People's Exhibits 2 and 3 in evidence. Metal work and hammering were done at night. Car bodies were burned causing smoke and smudge in the air. One witness testified smudge and dirt blew over on his property, soiling laundry so that his wife was obliged to rewash her clothes. In response to a question by the court, the defendant testified he poured old crank case oil over the auto bodies, then set fire to them.

The defendant testified he did key making, radio and battery work and some auto repair prior to 1928, that the first time he

had cards printed was in 1927 and that his business then was called " Hein's Radio Service ".

The defendant testified his father had no interest in the business, and that the business was commenced in 1925, when the defendant, according to his testimony, was fifteen years old, and attending Seneca Vocational School in Buffalo. He did not leave school until 1929.

It is the opinion of the court that the defendant has not established the fact that there was a bona fide full-time business being conducted at the premises prior to January 16, 1928. The mere fact that a schoolboy employed his spare time to advantage in making keys or by doing occasional repair work on batteries, radios or automobiles does not give the premises a business status. If that were so any other schoolboy who repaired bicycles, sold Christmas cards or raised rabbits at home would be in position to advance the same argument.

Assuming, however, for the purpose of this discussion, that defendant's part-time efforts could be construed as a legitimate and going business prior to January 16, 1928, then it is the opinion of this court that the character of the enterprise changed so greatly that it was not a continuance of the same nonconforming use.

An existing use may be continued, but a new or different use may not be substituted. (*Matter of Eaton* v. *Sweeny,* 232 App. Div. 459; *People* v. *Sheil,* 26 N. Y. S. 2d 188; *Matter of Collins* v. *Moore,* 125 Misc. 777.)

In the *People* v. *Perkins* case (282 N. Y. 329, 330) cited by both counsel, the Court of Appeals said, in reversing the defendant's conviction: " The business which the defendant conducted and which has been found violative of the ordinance *is the same business in character* as that conducted by the defendant before the ordinance was adopted." (Italics supplied.)

Permitted continuance of a nonconforming use is continuance of the same use and not of some other kind of use. (*Keenly* v. *McCarthy,* 137 Misc. 524; *People* v. *Giorgi,* 16 N. Y. S. 2d 923.)

The testimony of the witnesses and People's Exhibits 2 and 3 in evidence indicate that the defendant was maintaining a junk yard. The accumulation of old automobile bodies, car parts, pieces of metal, cardboard boxes, glass bottles, etc., is not an integral part of a garage business, battery or radio repair service, or even a locksmith's operation.

The defendant is found guilty of both charges set forth in the information.