NEW HANOVER COUNTY v. JOSEPH BURTON AND BURTON STEEL COMPANY

No. 825SC1100

(Filed 20 December 1983)

1. **Appeal and Error § 6— appeal by prevailing party**

     The prevailing party may appeal from a judgment that is only partly in its favor or is less favorable than the party thinks it should be.

2. **Municipal Corporations § 30.19— zoning—change in nonconforming use—discontinuance of use—right to resume nonconforming use**

     Defendants' change of the nonconforming use of their property without proper approval as required by a county zoning ordinance constituted a discon-

tinuance of the proper nonconforming use, but under the ordinance, defendants were entitled to resume their nonconforming use as it existed prior to the effective date of the ordinance in the absence of a finding that there was a discontinuance of such nonconforming use for a consecutive period of two years.

APPEAL by plaintiff from *Rouse, Judge.* Judgment entered 21 June 1982 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 2 September 1983.

This civil action was brought by plaintiff New Hanover County (hereinafter "the county") to prohibit defendants from engaging in activities on defendant Burton's property which constituted a nonconforming use of that property under the county zoning ordinance.

Since 1970, defendants have operated a metal fabricating business on the property that is the subject of this appeal. On 14 July 1974, the county zoning ordinance became effective. Defendants' property was subject to the ordinance, and their metal fabricating business became a nonconforming use. The ordinance allowed for the continuance of pre-existing nonconforming uses. While remaining a metal fabrication business, the nature of defendants' activity changed to the extent that in May of 1979, defendants were found by the county building inspector to be in violation of various provisions of the ordinance by reason, *inter alia,* of defendants' change and extension of their original nonconforming use to a different kind of nonconforming activity. Defendants appealed this decision to the New Hanover County Zoning Board of Adjustment where it was affirmed. The Board of Adjustment's decision was affirmed by New Hanover Superior Court which in turn was affirmed by this Court.

On 5 December 1980, plaintiff initiated the present proceeding by filing a complaint in Superior Court seeking preliminary and permanent injunctions and an order of abatement enforcing the zoning ordinance and requiring defendants to cease their then existing nonconforming activity and return the property only to conforming uses. A preliminary injunction was granted which became effective on 10 March 1981 after the denial by our Supreme Court of defendants' petition for discretionary review of the decision of this Court. *Burton v. Zoning Board of Adjustment,* 49 N.C. App. 439, 271 S.E. 2d 550 (1980), *cert. denied* 302 N.C. 217, 276 S.E. 2d 914 (1981).

In their answer, defendants denied the material allegations of the complaint and asserted various equitable defenses. In an amendment to their answer, defendants alleged that under the relevant provisions of the zoning ordinance (Sections 45-2 and 46-1), they were entitled to continue their nonconforming activity as it existed prior to the effective date of the zoning ordinance, provided that they had not abandoned or discontinued the original nonconforming use for a period of two years.

Plaintiff's motion for summary judgment, G.S. 1A-1, Rule 56, was denied on the grounds that a question of material fact existed as to whether or not there had been a discontinuance of the original nonconforming use for a period of two years. The order on final pretrial conference contains various stipulations as to the undisputed facts, including the fact of defendants' violation of Sections 44-1, 44-2, 44-3, 44-4 and 44-5 of the New Hanover County Zoning Ordinance; defendants' failure to seek or obtain approval by the New Hanover County Zoning Board of Adjustment for their change from one nonconforming use to another nonconforming use; and the fact that the "defendants' changed or different nonconforming use of the property has been continuous since the date of change."

The matter came to trial before a jury at the 17 May 1982 Session of Superior Court. At the conclusion of all the evidence, plaintiff moved for a directed verdict pursuant to G.S. 1A-1, Rule 50, on the grounds that no issue of material fact had been presented by the evidence, all of the facts being judicially admitted, stipulated, or not in controversy, and that the plaintiff was entitled to judgment as a matter of law.

The court allowed plaintiff's motion and made the following factual findings:

There were no findings by the New Hanover County Zoning Board of Adjustment that there was a discontinuance of a nonconforming use for a consecutive period of two years. See Sections 45 and 46 of the Zoning Ordinance of New Hanover County.

In the absence of such a finding the defendants in this action are entitled to continue the nonconforming use of the property in question as it existed prior to July 14, 1974, the effective date of the Zoning Ordinance.

On the basis of the facts found, the court entered an injunction requiring defendants to cease operating their business in its then-present nonconforming form. However, the court did not require defendants to use the property only for conforming uses in the future as plaintiffs sought, but rather, concluded that defendants could continue to engage in their original nonconforming use as that use existed prior to the effective date of the ordinance. The court directed defendants to remove any structures that were not consistent with the pre-existing nonconforming use of the property. Plaintiff appealed from this judgment.

*Murchison, Newton, Taylor & Shell, by Joseph O. Taylor, and County Attorney Robert W. Pope, for plaintiff appellant.*

*Robert White Johnson, for defendant appellees.*

JOHNSON, Judge.

[1] We note at the outset that the plaintiff county is appealing from a judgment rendered in its favor. By its appeal, the county requests that this Court "reverse the trial court and strike all of the trial judge's order filed June 21, 1982, except those portions which grant plaintiff's motion for a directed verdict." In the alternative, the county requests that the trial judge be reversed and summary judgment be entered in its favor. We take it that by this appeal the county seeks modification of the judgment to grant the full relief requested in its complaint, that is, an injunction prohibiting defendants from engaging in *any* activities on the property which do not constitute conforming uses under the New Hanover County Zoning Ordinance. This plaintiff may do, since the prevailing party may appeal from a judgment that is only partly in its favor, or is less favorable than the party thinks it should be. *McCullock v. Railroad*, 146 N.C. 316, 59 S.E. 882 (1907).

[2] The issues raised by this appeal involve the trial court's construction of the relevant provisions of the zoning ordinance, Sections 45-2 and 46-1, and their application to the facts of this case. Specifically, whether the court correctly concluded that in the absence of a finding of a discontinuance of a nonconforming use for a consecutive period of two years, there was no termination of the right to continue a nonconforming use, and therefore the landowner was entitled to continue the nonconforming use as it existed prior to the effective date of the zoning ordinance.

Plaintiff's primary argument is that the trial judge incorrectly concluded that the relief allegedly sought by plaintiff— complete and permanent cessation of all nonconforming uses of defendants' property—required a finding by the Zoning Board of Adjustment that defendants' pre-existing nonconforming use had been discontinued for two years. Specifically, plaintiff contends that defendants' established violation of the zoning ordinance constitutes a discontinuance of the pre-existing nonconforming use of the property such that, under the applicable provisions of the zoning ordinance, defendants are subsequently prohibited from engaging in any nonconforming use of the property without the prior approval of the appropriate authorities.

The applicable provisions of the New Hanover County Zoning Ordinance are as follows:

45-2 A non-conforming use may be changed to another non-conforming use only in accordance with approval issued by the Board of Adjustment. The Board shall issue such approval if it finds that the proposed use will be more compatible with the surrounding neighborhood than the use in operation at the time the approval is applied for. If a non-conforming use is changed to any use other than a conforming use without obtaining approval pursuant to this paragraph, that change shall constitute a discontinuance of the non-conforming use, with consequences as stated in Section 46.

46-1 When a non-conforming use is discontinued for a consecutive period of two (2) years, the property involved may thereafter be used only for conforming purposes.

Defendants were found to be in violation of the zoning ordinance. That finding was appealed without success through the proper administrative and judicial channels and was ultimately affirmed by this Court, with the Supreme Court refusing discretionary review. Under the ordinance, defendants' violation constituted a discontinuance of the pre-existing nonconforming use. Plaintiff contends that a discontinuance of this type has the effect of immediately terminating the defendants' right to engage in any nonconforming use of the property, regardless of whether it was a pre-existing use, without the prior approval of the proper authorities.

New Hanover County v. Burton

However, the same provision of the ordinance that characterizes defendants' violation as a discontinuance also brings on the further consequence, set out in Section 46-1 of the ordinance, of prospectively restricting the property to conforming uses only in the event the discontinuance of the pre-existing nonconforming use lasts for a period of two consecutive years. In the judgment, the court found that there was "no issue of fact raised by the evidence" and that the Zoning Board had made no findings that there was a discontinuance of a nonconforming use for a period of two years. The county does not even contend that it offered evidence tending to show that the alleged discontinuance lasted for two consecutive years. The county did not choose to include the evidence at trial in the record on appeal. Where the evidence is not set out in the record, a nonsuit or directed verdict will be presumed correct. *See Reams v. Hight*, 201 N.C. 797, 161 S.E. 484 (1931). Furthermore, we perceive no possible construction of the zoning ordinance which supports plaintiff's contention, either directly or inferentially.[1] Nor can we perceive a result from the application of the above-quoted provisions to the present factual context other than that reached by the trial judge in this case.

In conclusion, we note that our holding is consistent with the majority of other jurisdictions that have ruled on similar questions. *See generally* Anderson, American Law of Zoning 2d, §§ 33-6.63 (1976). The two cases cited by plaintiff in support of its position, *State v. Miller*, 206 Min. 345, 288 N.W. 713 (1939) and

---

1. However, we note a troubling ambiguity in the ordinance itself. Under Section 45-2, a change in nonconforming uses without prior approval constitutes a discontinuance of the nonconforming use "with *consequences* as stated in Section 46" (emphasis added). Read narrowly, as the County would have us do, "consequences" refers to the *penalty* imposed in Section 46-1 — the use of the property thereafter only for conforming purposes. Read broadly, "consequences" includes the condition precedent in Section 46-1, a two-year waiting period. The title and provisions of Section 46, *Abandonment and Discontinuance of Non-Conforming Situations*, suggest an abandonment and discontinuance under ordinary circumstances. Section 45-2, on the other hand, is a penalty provision. The County argues that a violation of Section 45-2, a change in nonconforming uses without prior approval, brings about the same *result* as in an ordinary abandonment — a forfeiture, without the two-year waiting period. However, zoning ordinances are in derogation of private property rights, and such ambiguities should be construed in favor of freedom of use. *In re Application of Construction Co.*, 272 N.C. 715, 158 S.E. 2d 887 (1968).

*Barbarisi v. Board of Adjustment,* 30 N.J. Super. 11, 103 A. 2d 164 (1954), are arguably on point but are more consistent with our reading of the law than with that urged by plaintiff. We see no need to discuss those cases here.

In view of our finding that the trial judge correctly applied the law with respect to the legal effect of defendants' violation, it follows that defendants are entitled to resume their nonconforming use as it existed prior to the effective date of the zoning ordinance. The county's contention to the contrary is without merit.

Our disposition of the central issue on appeal renders review of plaintiff's other assignments of error unnecessary. Under the facts found and the applicable law, the plaintiffs have received all of the relief to which they are entitled.

The judgment appealed from is

Affirmed.

Judges BECTON and BRASWELL concur.