JUDGE and others v. ANDERSON.

*(Circuit Court, D. Minnesota.* April 24, 1884.

1. PRACTICE IN CASES REMOVED FROM STATE COURTS—WHEN JURISDICTION ATTACHES.

   The jurisdiction of the United States circuit court attaches in a case removable under the statute at the time when the petition and bond is filed in the state court.

2. SAME—WHEN ISSUE MAY BE JOINED.

   If the cause commenced in the state court 30 days before the next session of the circuit court, and is not at issue when removed, the rule of the United States circuit court in this district gives until the fifth day of the term to make up the issue, and the case then stands for trial.

On April 9, 1884, the defendant filed a petition and bond for removal of the above-entitled cause to the circuit court of the United States for the district of Minnesota. The petition is in compliance with the statute for the removal of causes from the state to the federal court, and is accompanied by the bond required. An order was made for the removal by the state court, and on April 14th the *plaintiffs* procured and filed a transcript of the record of the cause in the clerk's office of the United States circuit court for the district of Minnesota. The term of that court as fixed by law commenced on the second Monday in December, A. D. 1883, and was still continuing when the transcript of the record was filed. The circuit court has a rule that when a cause is commenced in the state court, 30 days before the next term of the United States circuit court in the district convenes, if issue is not joined in the state court at the time of the removal, the cause shall stand for trial, and the issues shall be joined therein within five days from the first day of the said term. The defendant, by counsel, appears specially under protest, and objects to the jurisdiction of the court to proceed in the action and grant judgment for default according to the state statute, unless an answer is filed within a time to be fixed by the court.

*Frackelton & Careins,* for plaintiffs.

*Warner & Stevens,* for defendant.

NELSON, J. It has been decided by the supreme court of the United States that the jurisdiction of the United States circuit court attaches in a case removable, under the statute, at the time when the petition and bond is filed in the state court. The transfer of jurisdiction is then complete in advance of the entry of a transcript of the record in the clerk's office of the circuit court. *Duncan* v. *Gegan*, 101 U. S. 812; *Railroad Co.* v. *Koontz*, 104 U. S. 15; *Steam-ship Co.* v. *Tugman*, 106 U. S. 122; S. C. 1 Sup. Ct. Rep. 58; *St. Paul & C. Ry. Co.* v. *McLean*, 2 Sup. Ct. Rep. 499. The circuit court does not take the suit unless its jurisdiction appears of record; and if, before the statutory time when the removing party is required to enter a copy of the record and his appearance in the United States circuit court, either party procures a transcript and files it in the clerk's office, the jurisdiction then appears of record, and all proceedings necessary to prepare the cause for trial at the next session of the court can be taken by either party. The court then has jurisdiction of the cause as if it had been commenced there by original process.

In the case of *Kern* v. *Huidekoper*, 103 U. S. 487, the plaintiff applied for removal July 6th, and filed the transcript in the clerk's office of the United States circuit court on July 27th. The term of that court prescribed by law began on July 2d, before the petition for removal was filed in the state court. On November 14th, the July term still continuing, the circuit court made an order approving the filing of the record. The supreme court held that the filing of the record July 27th gave the circuit court the right to proceed with the cause; that is, as I understand the decision, to go on and perfect the issues, if necessary, and grant provisional remedies, but the removing party is not required to try the issues until the term next ensuing that of the state court when the cause was removed.

The rule cited by counsel does not prevent the court from entertaining motions to make up the issues when applied to by the parties. If the cause commenced in the state court 30 days before the next session of the circuit court, and is not at issue when removed, this rule gives until the fifth day of the term to make up the issues, and the cause then stands for trial. It applies to all cases removed and docketed on the first day of the term, where neither party had previously applied to the court to proceed in the case.

The defendant will file his answer within five days from this day, to-wit, April 24, 1884; and it is so ordered.