DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SKENDER HOTI** and **BEBA HOTI,**
Appellants,

v.

**U.S. BANK, N.A.,** NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY
AS LEGAL TITLE TRUSTEE FOR BCAT 2016-18TT,
Appellee.

No. 4D20-289

[May 6, 2020]

Appeal of a non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John S. Kastrenakes, Judge; L.T. Case No. 502015CA013534XXXXMB.

Arthur J. Morburger, Miami, for appellants.

Adam G. Schwartz of Fox McCluskey Bush Robison, PLLC, Stuart, for appellee.

**ON MOTION TO RELINQUISH JURISDICTION**

KUNTZ, J.

The borrowers, Skender and Beba Hoti, appeal the circuit court's order denying their second amended motion for relief from the final judgment of foreclosure under Florida Rule of Civil Procedure 1.540(b)(4). Among other grounds, the borrowers argued the judgment should be vacated for lack of jurisdiction because the circuit court entered the judgment after the case had been removed to federal court. The circuit court denied the motion, and the borrowers appealed. During this appeal, the lender moved to relinquish jurisdiction, similarly arguing the foreclosure judgment is void because it was entered when the circuit court lacked jurisdiction.

This opinion solely addresses the argument that the circuit court lacked jurisdiction to enter the final judgment of foreclosure. When the circuit court denied the motion for relief from judgment, it was bound to follow this Court's recent holding in *Ricci v. Ventures Trust 2013-I-H-R by MCM Capital Partners, LLC*, 276 So. 3d 5 (Fla. 4th DCA), *review denied*, No.

SC19-1547, 2019 WL 7341587 (Fla. Dec. 30, 2019). *Ricci* analyzed the effect of the filing of a notice of removal on pending state court proceedings. *Id.* at 6. We held that the court should take no further action until remand:

> [T]he proper course of action regarding an order entered after notice of removal has been filed in the state court proceeding and before entry of a remand order is that: (1) the trial court and the parties take no action on the improperly issued state court order until a remand order is entered; (2) the trial court promptly vacate the order *sua sponte* or on motion of a party after the remand order is entered; and (3) the trial court immediately re-enter the vacated order with notice to the parties after the remand order is entered.

*Id.* at 10. We also discussed the effect of the state court's act of entering an order after removal and whether that order is void or voidable. *Id.* at 7-9. We stated that "[i]f Congress truly intended that any action taken by the state court during the removal period is void, it would have used words to that effect," *id.* at 8 (discussing 28 U.S.C. § 1446(d)), and that "a lack of subject matter jurisdiction makes an order void, whereas a lack of case jurisdiction generally renders an order voidable," *id.* at 8-9 (citation omitted).

After we issued *Ricci*, the United States Supreme Court issued an opinion addressing this issue. *Roman Catholic Archdiocese of San Juan v. Acevedo Feliciano*, 140 S. Ct. 696 (2020). In that case, the Supreme Court held that, under 28 U.S.C. § 1446(d), when the notice of removal is filed, "[t]he state court 'los[es] all jurisdiction over the case, and, being without jurisdiction, its subsequent proceedings and judgment [are] not . . . simply erroneous, but absolutely void.'" *Id.* at 700 (alterations and omission in original) (quoting *Kern v. Huidekoper*, 103 U.S. 485, 493 (1881)).

The lender asks that we relinquish jurisdiction to account for a change in the law as a result of *Acevedo Feliciano*. The lender argues our opinion in *Ricci* required the circuit court to treat the order entered on remand as voidable while the more recent opinion from the United States Supreme Court requires that it be found void.

It is true that the Supreme Court's opinion requires us to find any order entered by the state court after removal to be void. *Acevedo Feliciano*, 140 S. Ct. at 700. But *Ricci* did not expressly conclude that an order entered during remand was voidable and not void—though it did strongly imply that conclusion. *See* 276 So. 3d at 8-9 ("[A] lack of subject matter jurisdiction makes an order void, whereas a lack of case jurisdiction

2

generally renders an order voidable." (citing *14302 Marina San Pablo Place SPE, LLC v. VCP-San Pablo, Ltd.*, 92 So. 3d 320, 321 (Fla. 1st DCA 2012) (Ray, J., concurring))).

Instead, in *Ricci*, we held that "we do not need to resolve" the apparent conflict in the law on whether the order was void or voidable. *Id.* at 9. And we held that if a state court enters an order after removal, the court should promptly vacate the order after the federal court remands the case. *Id.* at 10. That is not inconsistent with the Supreme Court's opinion in *Acevedo Feliciano*.

So that there is no confusion, an order entered by a state court after the filing of a notice of removal is void. *Acevedo Feliciano*, 140 S. Ct. at 700. Both *Ricci* and *Acevedo Feliciano* require a court to vacate any such order.

Here, the borrowers filed their notice of removal on September 22, 2017, and the federal court remanded the case one month later. But the circuit court entered the judgment of foreclosure during the short period between removal to the federal court and remand to the state court. As a result, the court's judgment is void. *See Acevedo Feliciano*, 140 S. Ct. at 700.

So we grant the lender's motion to relinquish jurisdiction in part. We grant the motion to the extent it asks that we relinquish jurisdiction to the circuit court to vacate the final judgment of foreclosure. But we deny the motion to the extent it asks that we direct the circuit court to reenter the final judgment on remand. After we dismiss this appeal for being moot, the circuit court may consider whether to reenter the final judgment in the first instance. *See Ricci*, 276 So. 3d at 6 ("[O]ur reversal is without prejudice for the trial court, *sua sponte* or upon motion, to immediately re-enter the order after vacating it, *with notice to the parties*." (second emphasis added)).

We relinquish jurisdiction for ninety days for the circuit court to vacate the final judgment of foreclosure. Within seven days of the court's order vacating the final judgment, the borrowers must file the order in this Court, and this appeal will be dismissed.

*Motion to relinquish jurisdiction granted in part, denied in part.*

WARNER and KLINGENSMITH, JJ., concur.

\* \* \*

3

*Not final until disposition of timely filed motion for rehearing.*